JOHN A. DIXON, Jr., Judge Pro Tem.
The issue in this appeal is whether a state employee, injured in the course and scope of his employment on a state-owned ferry, can sue his employer, the State of Louisiana, Department of Transportation and Development (DOTD), in state court for his injuries *218 under the Jones Act, 46 U.S.CApp. § 688, and general maritime law.
FACTS:
Plaintiff, Rodney Higgins, was injured on February 6, 1987, working as a deckhand on a state-owned and operated public ferry. He sued the State for negligence under the Jones Act and for unseaworthiness under the general maritime law. In response to the suit, the State filed an exception of no cause of action or, alternately, a motion for summary judgment.
The Trial Judge granted the State’s exception, dismissing Higgins’s claims against the State. Higgins appeals the ruling. For the following reasons, the ruling is reversed.
ANALYSIS:
The exact issue in this appeal has recently been presented to this Court in a writ application. Cosey v. Department of Transportation and Development, et al., 92-C-2619, (La.App. 4th Cir.) writ denied, 618 So.2d 407 (La.1993). Although the issue in Cosey was the same as in the instant case, the arguments presented to the court were different. In Cosey, this Court upheld the lower court’s ruling, denying the DOTD’s exception of no cause of action. In doing so, this Court discussed the 11th Amendment to the United States Constitution (sovereign immunity), the “savings to suitors” clause of the Jones Act, Louisiana Constitution art. 12 § 10(A) (state’s waiver of sovereign immunity), and La.R.S. 23:1035.2 of the Louisiana Worker’s Compensation Act.
Also, in Criswell v. DOTD, 93-C-47 (La. App. 5th Cir.1993), the court ruled, in a writ decision, that the trial court correctly denied a similar exception of no cause of action/motion for summary judgment.
In the instant case, the Trial Judge relied in part on the “clear statement rule” in holding that the Jones Act (and general maritime law) does not apply to the State of Louisiana in its capacity as a maritime employer. The United States Supreme Court had held that a statute will not be interpreted to provide a cause of action for money damages against a state unless the statute contains unmistakably clear language that Congress intended to do so. Will v, Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).
Reviewing the legislative history of the Jones Act, the Trial Judge found that Congress had no intention of applying the Jones Act to the states. Specifically, the Judge considered the “contemporary legal context” of the act’s passage in 1920 — that all the states had sovereign immunity when the Jones Act was passed and that public employees were protected by worker’s compensation — to conclude that the Jones Act was intended to protect merchant (private) seamen, not public employees.
Higgins responds to the Trial Judge’s reasoning, stating that the Jones Act provides a remedy for “any seaman” who is injured during the course of his employment, not excluding any group of seaman like those who are state employees. Moreover, in Petty v. Tennessee-Missouri Bridge Commission, 359 U.S. 275, 79 S.Ct. 785, 3 L.Ed.2d 804 (1959), the Supreme Court applied this same simple reasoning to hold that a bi-state agency, which the Court considered as a state, was an employer under the Jones Act. The Court stated:
Finally we can find no more reason for excepting state or bi-state corporations from ‘employer’ as used in the Jones Act than we could for excepting them either from the Safety Appliance Act, 45 U.S.C.A. § 1 et seq. (United States v. State of California, 297 U.S. 175, 56 S.Ct. 421, 80 L.Ed. 567) or the Railway Labor Act, 45 U.S.C.A. § 151 et seq. (State of California v. Taylor, 353 U.S. 553, 77 S.Ct. 1037, 1 L.Ed.2d 1034). In the latter case we reviewed at length federal legislation governing employer-employee employee [sic] relationships and said, “When Congress wished to exclude state employees, it expressly so provided.’ 353 U.S. at page 564, 77 S.Ct. at page 1044. The Jones Act ... has no exceptions from the broad sweep of the words ‘Any seaman who shall suffer personal injury in the course of his employment may etc. The rationale of United States v. State of California ... and State of California v. Taylor, supra, makes it impossible for us to mark a distinction here and hold that this bi-state agency is *219 not an employer under the Jones Act. 79 S.Ct. at 790.
In Welch v. Texas Dept. of Highways and Public Transportation, 483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987), the Supreme Court limited the right of a state employee to sue his employer under the Jones Act and general maritime law, prohibiting the employee from bringing suit in federal court. The Court did not address the issue of whether a Jones Act suit could be brought against a state in state court. As Justice White pointed out in a concurring opinion in Welch:
The Court expressly stops short of addressing the issue whether the Jones Act affords a remedy to seamen employed by the States.... The Court, however, has already construed the Jones Act to extend remedies to such seamen. Petty v. Tennessee-Missouri Bridge Comm’n, 359 U.S. 275, 282-283, 79 S.Ct. 785, 790, 3 L.Ed.2d 804 (1959). Congress has not disturbed this construction, and the Court, as I understand it, does not now purport to do so. 483 U.S. at 495, 107 S.Ct. at 2958.
In Hilton v. South Carolina Public Railways Commission, — U.S. -, -, 112 S.Ct. 560, 566, 116 L.Ed.2d 560 (1991), the Court held that the doctrine of stare decisis, applied to a “longstanding statutory construction implicating important reliance interests”, prevailed over the “clear statement rule.” Applying the doctrine of stare decisis, the Court held that an employee of a state-owned railroad could bring an action against his employer under the Federal Employers’ Liability Act (FELA) in state court. The “longstanding statutory construction” which the Court relied upon stemmed from the then 28 year old case of Parden v. Terminal Railway of Alabama Docks, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964) (overruled in part by Welch, supra.), which held that when Congress enacted FELA, using the phrase “every common carrier by railroad” to describe the class of employers subject to its terms, it intended to include state-owned railroads. The “important reliance interests” implicated by Parden, which the Court in Hilton declined to overrule, were discussed:
In the case before us the policies in favor of following stare decisis far outweigh those suggesting departure. “Considerations of stare decisis have special force in the area of statutory interpretation, for here, unlike in the context of constitutional interpretation, the legislative power is implicated, and Congress remains free to alter what we have done.” Patterson [v. McLean Credit Union], supra, 491 U.S., [164] at 172-173, 109 S.Ct., [2363] at 2370-2371 [105 L.Ed.2d 132 (1989) ]. Congress has had almost 30 years in which it could have corrected our decision in Par-den if it disagreed with it, and has not chosen to do so.... Stare decisis has added force when the legislature, in the public sphere, and citizens, in the private realm, have acted in reliance on a previous decision, for in this instance overruling the decision would dislodge settled rights and expectations or require an extensive legislative response. This is so in the case before us.
Workers’ Compensation laws in many States specifically exclude railroad workers from their coverage, because of the assumption that FELA provides adequate protection for those workers.... Our overruling Parden would require these States to reexamine their statutes, meanwhile putting at risk all employees and employers who have been acting on the assumption that they are protected in the event of injuries caused by an employer’s negligence. Overruling Parden would also throw into doubt previous decisions from this Court, cases holding that the entire federal scheme of railroad regulation applies to state-owned railroads_ These factors all weigh in favor of adhering to stare decisis, and we cannot find here sufficient, countervailing justifications for departing from our precedents. — U.S. at -, 112 S.Ct. at 564. [citations omitted]
The Trial Judge in the instant case apparently declined to follow Hilton because Higgins is not a railroad worker. As Higgins points out, however, since the inception of the Jones Act, courts have looked to FELA for guidance in addressing unresolved issues relative to the Jones Act. See, Panama R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. *220 748 (1924). The Supreme Court cases cited above verify this proposition and its converse; courts look to the Jones Act for guidance in FELA cases.
Arguably, it is the Petty decision in 1959 that in part propelled the legislature through the years to limit availability of Louisiana worker’s compensation laws to seamen. Overall, the Trial Judge and the DOTD seem to have misconstrued the relevant Supreme Court eases, perhaps putting too much emphasis on the various dissents and concurrences rather than the majority opinions.
Another factor compelling the Trial Judge to dismiss Higgins’s Jones Act suit was the belief that the State’s interest in controlling its employer-employee relations outweighs the need to apply maritime law and compels the exclusive application of the Louisiana Worker’s Compensation Act. This ignores the fact, however, that seamen, in general, do not have state compensation laws available to them. Louisiana caselaw, in addition to the Cosey and Criswell writs discussed previously, provides some guidance.
In Bearden v. Leon C. Breaux Towing, 365 So.2d 1192 (La.App. 3rd 1978), writ denied, 366 So.2d 915 (La.1979), the Court held that a seaman who sues under the Jones Act does not have the benefits of the Louisiana Worker’s Compensation Act. The Court also found error in the trial judge’s finding that the “savings to suitors” clause was applicable to plaintiffs attempt to obtain state compensation benefits when it applies only to other more traditional state remedies. 365 So.2d at 1195. After discussing how the United States Congress unsuccessfully attempted to legislatively overrule a Supreme Court decision holding that the “savings to suitors” clause did not extend to worker’s compensation remedies, the Bearden court concluded, “If Congress cannot constitutionally bring seamen within the scope of state workmen’s compensation laws, neither can the Louisiana legislature or courts.” 365 So.2d at 1193.
Indeed, in 1991, the Louisiana legislature added La. R.S. 23:1035.2 to the worker’s compensation act. This statute provides:
No compensation shall be payable in respect to the disability or death of any employee covered by the Federal Employer’s Liability Act, the Longshoremen’s and Harbor Worker’s Compensation Act, or any of its extensions, or the Jones Act.
Although arguably this provision would not apply in the instant case because plaintiffs injury occurred prior to the enactment of the statute, apparently R.S. 23:1037 (enacted in 1914) is considered to have accomplished the same result — making worker’s compensation law inapplicable to seamen. See, Dupre v. Otis Engineering Corp., 641 F.2d 229, 231 (5th Cir.1981).
The Trial Judge and the DOTD argue that R.S. 23:1034, making payment of compensation for state employees under the Louisiana worker’s compensation act “exclusive, compulsory, and obligatory,” prevails over R.S. 23:1037 and 1035.2. Neither provides a rationale as to why an employee’s status as a public employee should prevail over his status as a seaman. Actually, that an employee incurs particular risks as a seaman should be enough to cause his status as a seaman to take precedence over his status as a public employee.
In ruling in the DOTD’s favor, the Trial Judge also applied the “maritime but local” doctrine in the instant case. This doctrine emerged from a recognition that in some matters local concerns outweigh the federal need for a uniform admiralty rule. Green v. Industrial Helicopters Inc., 593 So.2d 634, 642 (La.1992). Underlying the doctrine is the rationale that if it can be said that the work activities of the injured employee have no direct concern with navigation or commerce, it is “local”, and therefore the State laws are applicable. Ibid., quoting M. Norris, The Law of Maritime Personal Injuries 4th Ed. (1990).
In Green, the Court used the “maritime but local” doctrine to support its conclusion that an offshore oil meter technician injured in an emergency helicopter landing in the Gulf as he was flown to an offshore worksite could avail himself of La. C.C. art. 2317 to supplement the remedies available under the general maritime law. The Court held that art. 2317 applied since [it] does not impermis-sibly conflict with the substantive general maritime law. 593 So.2d at 636.
The Green Court’s discussion of the doctrine is brief and does not appear to be the *221 deciding factor in its decision to allow the plaintiff to use art. 2317. Rather, the deciding factor was the absence of contrary federal legislation and that art. 2317 neither prejudices the characteristic features of the general maritime law nor interferes impermissibly with any required uniformity in such law. In the instant case, the Louisiana Worker’s Compensation Act and the Jones Act and general maritime law remedies are mutually exclusive. Cosey v. DOTD, supra. Hence, the Green case is clearly distinguishable.
The Trial Judge and the DOTD also cite Brockington v. Certified Electric, 903 F.2d 1523 (11th Cir.1990), cert. denied, 498 U.S. 1026, 111 S.Ct. 676, 112 L.Ed.2d 668 (1991) for its use of the “maritime but local” doctrine. In Brockington, the plaintiff, a land-based electrician injured as he traveled in a co-worker’s boat to an island off the coast of Georgia to work at a laboratory his employer was building, was neither a maritime employee nor a seaman. The factors which the court reviewed to determine that the action was peculiarly “local” do not apply in the instant ease. Furthermore, it has been held that operating a ferry boat across the Mississippi River for pedestrian and vehicular traffic is a maritime business, and not local in character. Swan v. Baton Rouge Transp. Co., 197 So. 191 (La.App. 1st Cir.), writ refused (La.1940).
In summary, neither the “clear statement” rule nor the “maritime but local” doctrine and the cases which use these doctrines compel the conclusion that a state employee cannot sue his employer under the Jones Act and general maritime law in state court, particularly when that employee, because of his seaman status, does not have the remedies under the Louisiana Worker’s Compensation Act available to him. No reasons have been advanced that are persuasive enough to require a reversal of this Court’s decision in Cosey.
The judgment of the District Court is reversed, and the case is remanded for trial.

REVERSED AND REMANDED.