DAVID S. GORBATY, Judge.
|tIn this appeal, plaintiff asserts that the trial court erred in granting defendants’ exception of no cause of action. Because we conclude that Kuebel was incorrectly decided, we overrule Kuebel, reverse the trial court’s judgment on the state’s exception, and remand the matter to the trial court for further proceedings. We explain our decision below.

FACTS AND PROCEDURAL HISTORY

The plaintiff, Desi Fulmer, is an employee of the State of Louisiana, Department of Wildlife and Fisheries. On June 2, 2001, the plaintiff was injured while working as a member of the crew of a state owned vessel in navigation and assigned to patrol the waters near, around and adjacent the Head of Passes in the Parish of Plaquemines. The vessel was being operated by his co-employee, Gary Pierce, who allegedly was traveling at a high speed when a ship wave caused the vessel to go down a trough, throwing the plaintiff into the air and resulting in the plaintiff sustaining herniated discs and other serious injuries to his cervical spine.
*845 The plaintiff filed a petition for damages against his employer, the State, and his co-employee, Gary Pierce, seeking relief under the Jones Act and general maritime law for his injuries. The State answered the lawsuit, denying many of 12the allegations and setting forth numerous affirmative defenses. However, the State admitted that it was the employer of the plaintiff and the co-defendant.
In November of 2007, the State filed a Motion for Declinatory Exception For Lack of Subject Matter Jurisdiction and Preemptory Exception for No Cause of Action. The State averred that the plaintiff failed to state a claim over which the court had jurisdiction. The State asserted that the plaintiffs exclusive remedy against it was provided for by the Louisiana Workers’ Compensation Act. Thus, it sought dismissal of all Jones Act claims and claims in admiralty asserted by the plaintiff. In response to the exception, the plaintiff filed an opposition memorandum asserting that the issue of whether a state employee could maintain a suit under the Jones Act and general maritime law had been addressed favorably to the employee in Higgins v. State of Louisiana, 627 So.2d 217 (La.App. 4 Cir.1993). Following a hearing on January 10, 2008, the trial court denied the State’s exceptions. The State filed a writ application in this court, which was denied.
In May 2009, defendants re-urged their exception of no cause of action based upon this court’s recent decision in Kuebel v. Dept. of Wildlife & Fisheries, 2008-1018 (La.App. 4 Cir. 4/15/09), 14 So.3d 20. Bound by our decision in Kuebel, the district judge concluded that Mr. Fulmer’s exclusive remedy was pursuant to Louisiana Workers’ Compensation Act, La. R.S. 23:1021 et seq., sustained the exception, and dismissed the suit. See La. C.C.P. art. 934. Plaintiff subsequently filed this appeal.

DISCUSSION

The peremptory exception at issue here, based solely on a question of law, must be reviewed de novo. Bibbins v. City of New Orleans, 02-1510, p. 3 (La.App. 4 Cir. 5/21/03), 848 So.2d 686, 690.
| oPlaintiff avers that the trial court erred in finding that a Louisiana state employee has no rights under the Jones Act or general maritime law to sue his employer, and that workers’ compensation is the exclusive remedy.
Plaintiff contends that the United States Supreme Court’s decisions in Alden v. Maine, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999), College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board, 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999), and Seminole Tribe of Florida v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (collectively, “the Alden trilogy”), do not apply to workers’ compensation cases involving seamen in Louisiana because of differences in the law and constitutions of Louisiana and the other states involved, and because those cases were filed in federal rather than state court. As such, plaintiff avers, Kuebel was wrongly decided. We agree.
Prior to Kuebel, the seminal case on this issue was Higgins, supra. In Higgins, this court held that an injured state employee could bring suit against the state of Louisiana under the Jones Act and general maritime law. The facts of the instant case are indistinguishable from the facts in Higgins. Higgins sued the state for negligence under the Jones Act and for unseaworthiness under the general maritime law. The state filed an exception of no cause of action and alternatively, a motion for summary judgment. The trial court granted the state’s exception and dis *846 missed the plaintiffs claims against the state. This court reversed. In reaching the conclusion that an injured state employee was entitled to sue the state under the Jones Act and general maritime law, this court cited La. R.S. 23:1035.2 for the proposition that the employee did not have remedies under the Workers’ Compensation Act available to him.
[4In Higgins, this court also noted that the issue of whether a state employee injured in the course and scope of his employment on a state owned vessel could maintain an action in admiralty against the State had been addressed by this court in Cosey v. Department of Transportation and Development, et al., unpub., 92-C-2619, (La.App. 4 Cir. 11/20/92) writ denied, 618 So.2d 407 (La.1993). In rejecting the state’s argument that it was immune from suits in admiralty by virtue of its status as a department of the State, this court concluded that the State was confusing remedies under the law with the forum in which those remedies could be brought. Further, this court rejected the State’s argument that its employee was restricted to workers’ compensation benefits, noting that federal law provided him the remedies he was seeking and the State could not limit the remedies afforded the employee under the savings to suitors clause. Citing La. R.S. 23:1035.2, this court concluded that the Louisiana Workers’ Compensation and the Jones Act remedies are mutually exclusive. Thus, it found this gave additional support to the employee’s argument that he could bring a Jones Act claim against his employer in a state court. For these reasons, this court found no error in the trial court ruling denying the state’s exception.
We here note that from the time of our decisions in Cosey and Higgins and the panel’s decision in Kuebel the Congress did not change the Jones Act and the Louisiana legislature did not amend the Louisiana Workers’ Compensation Act to legislatively overrule our decisions in Co-sey and Higgins.
In Kuebel, a biologist at the Department of Wildlife and Fisheries who traveled on vessels to various test sites injured her neck and back while gathering samples in a seine net. She filed suit, seeking damages under the Jones Act and general maritime law. The trial court sustained the Department of Wildlife and | .^Fisheries’ exceptions of no cause of action and lack of subject matter jurisdiction. Citing the Al-elen trilogy, this court affirmed. Specifically, this court noted:
Read in conjunction with the WCA [Workers’ Compensation Act], Louisiana has established a procedure for suits against the State by providing that injured State employees may bring claims under the WCA. Accordingly we find that article 12, section 10 of the Louisiana Constitution does not evidence the state’s consent to be sued and cannot operate as an absolute waiver of sovereign immunity such that the legislature has no authority to assert immunity for specific types of claims. Accordingly, we find that the State of Louisiana has not consented to be sued in its own courts by individuals seeking recovery under the Jones Act.
Kuebel, 2008-1018, p. 12, 14 So.3d 20, 30. The Kuebel court further held:
We do not find that the Louisiana WCA’s “seaman’s exception” operates as consent or waiver for private litigants to bring suit against Louisiana under the Jones Act or general maritime claims in state court.
2008-1018, pp. 15-16, 14 So.3d 20, 31.
The court concluded:
Accordingly, as the law currently stands pursuant to the U.S. Supreme Court’s
*847 “Alden trilogy” decisions, Appellant may not bring suit against the State of Louisiana under the Jones Act in State court without its consent. Therefore, applying the foregoing U.S. Supreme Court jurisprudence to the facts of the case sub judice, we find that Appellant, as an employee of the [Department of Wildlife and Fisheries], an arm of the State, is governed by the exclusive remedies available under the Louisiana Workers’ Compensation Act.
Kuebel, 2008-1018, pp. 23-24, 14 So.3d 20, 37.
Kuebel cites several federal cases from other jurisdictions in support of its contention that the doctrine of sovereign immunity has been expanded to prohibit admiralty suits against the state. However, a review of those cases reveals that none is directly on point, and more importantly, none support deviating from our Cosey-Higgins precedent.
| fiWhile it is true that Alden contains language that severely undercuts some of the earlier jurisprudence limiting the State’s ability to curtail remedies provided for by federal law, the case was not an admiralty case. Rather, in Alden, state probation officers brought an action against their employer, the state of Maine, for violation of overtime provisions of the Fair Labor Standards Act (FLSA). Initially, the suit was brought in the federal district court. When that court dismissed the action, the employees filed an action in state court. The state court dismissed the action citing sovereign immunity, and the Maine Supreme Judicial Court affirmed. The United States Supreme Court granted certiorari and affirmed the judgment dismissing the employees’ action, holding that Congress could not subject the state to suit in state court without its consent.
The Maine Revised Statutes state that “Except as otherwise expressly provided by statute, all government entities shall be immune from suit on any and all tort claims seeking recovery of damages.” Me. Rev.Stat. Ann. Tit. 14, Sec. 8103 (2009). As there were no statutes or provisions of law that expressed that Maine was waiving its immunity from suits alleging violations of overtime provisions of the FLSA, the Court found that Maine had not consented to suit under the FLSA. Alden, supra.
The holdings in the other cases of the Alden trilogy are clearly based upon the concept that Florida, like Maine, had not waived its sovereign immunity and, therefore, on the facts was not subject to suit by private citizens under federal laws because of the Eleventh Amendment. See Seminole Tribe of Florida, 517 U.S. at 47 and 55, 116 S.Ct. 1114 (stating, .. the Indian Commerce Clause does not grant Congress that power, and therefore § 2710(d)(7) cannot grant jurisdiction over a state that does not consent to be sued.... Here, petitioner has sued the State of Florida and it is 17undisputed that Florida has not consented to the suit.”) See also College Savings Bank, 527 U.S. at 691, 119 S.Ct. 2219 (concluding “the sovereign immunity of the State of Florida was neither validly abrogated by the Trademark Remedy Clarification Act, nor voluntarily waived by the State’s activities in interstate commerce, we hold that the federal courts are without jurisdiction to entertain this suit against an arm of the State of Florida.”)[1]
*848 Conversely, the State of Louisiana has waived its sovereign immunity. Article XII, Section 10(A) of the Louisiana Constitution provides, in pertinent part, “Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.” Louisiana further recognizes the right of seaman to pursue actions in admiralty. More specifically, La. R.S. 23:1035.2 of the Workers’ Compensation Act states:
§ 1035.2. Claims covered by certain federal laws
No compensation shall be payable in respect to the disability or death of any employee covered by the Federal Employer’s Liability Act, the Longshoremen’s and Harbor Worker’s Compensation Act, or any of its extensions, or the Jones Act.
Pursuant to this provision, it appears that our Legislature recognizes that employees may also be covered by federal laws providing remedies, and that in such cases workers’ compensation benefits are not payable. In the unpublished decision rendered in Cosey, this court concluded that this language demonstrated |Rthat the remedies provided by the Louisiana Workers’ Compensation Act and by the Jones Act were mutually exclusive remedies; thus, it was not the intent of the law to deprive the employee of his right to seek his federal remedy in state court.[2]

CONCLUSION

We overrule Kuebel v. Department of Wildlife and Fisheries, 08-1018 (La.App. 4 Cir. 4/15/09), 14 So.3d 20, and follow our earlier precedent in Cosey and Higgins. Accordingly, we find that Mr. Fulmer states a cause of action under the Jones Act and general maritime law against his employer, the State of Louisiana.

DECREE

We hereby reverse the judgment sustaining the exception of no cause of action, which dismissed the suit of Desi Fulmer against the State of Louisiana and Gary Pierce, and remand the matter to the trial court for further proceedings.

REVERSED AND REMANDED.

MURRAY, J., concurs with reasons.
ARMSTRONG, C.J., respectfully dissents.
KIRBY, J., dissents for the reasons assigned by J. BELSOME.
BELSOME, J., dissents with reasons.

. Earlier in its decision the Supreme Court had observed:
While [a state's sovereign] immunity from suit is not absolute, we have recognized only two circumstances in which an individual may sue a State. First, Congress may authorize such suit in the exercise of its power to enforce the Fourteenth Amendment — an amendment enacted after the Eleventh Amendment and specifically de *848 signed to alter the federal-state balance. Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 ... (1976). Second, a State may waive its sovereign immunity by consenting to suit. Clark v. Barnard, 108 U.S. 436, 447-448, 2 S.Ct. 878, 27 L.Ed. 780, ... (1883).
College Savings Bank, 527 U.S. at 670, 119 S.Ct. 2219 (emphasis supplied).

. Of course, we are not holding that the state could not restrict Jones Act suits against it by its employees, but only that it has not done so. See, e.g., Glover v. State, Dept. of Transp., Alaska Marine Highway Sys., 175 P.3d 1240 (Alaska 2008), a case discussed in Kuebel, supra at p. 10, 14 So.3d at 28, which decision the Kuebel panel described as follows:
In 2003, Alaska’s legislature added a provision to a statute regarding waiver of immunity in state court, effectively barring suit in state court if the claim, inter alia, results from an injury, death, or illness from a seaman during the course of or arising out of employment with the state, (emphasis supplied.)