MURRAY, J.,
concurs with reasons.
bln Louisiana, the general rule, expressed in the Constitution, is that injured persons are permitted to sue the State seeking compensation for their injuries. The Louisiana Worker’s Compensation Act *849 [“WCA”] derogates from this rule by providing that an employee, including a state employee, injured in the course and scope of his employment must accept compensation in lieu of filing suit against his employer. The WCA, however, contains a specific exception for employees asserting Jones Act, LHWCA or FELA claims (La. R.S. 23:1035.2). This exception has no language exempting state employees from its application, nor does any other provision of the WCA. Moreover, La. R.S. 23:1037, providing that the worker’s compensation scheme does not apply to any officer or member of the crew of a non-Louisiana registered vessel in interstate or foreign commerce (i.e., a seaman), lends further support to the conclusion that the legislature did not intend Jones Act seamen, even those who are state employees, to be limited to the remedies provided by the WCA. I therefore conclude that the exception contained in La. R.S. 23:1035.2 applies equally to state employees and non-state employees, as this court held in Higgins v. State of Louisiana, 627 So.2d 217 (La.App. 4th Cir.1993).
1⅞1 do not believe that the U.S. Supreme Court’s 1999 decision in Alden v. Maine mandates a different conclusion because Maine does not have a constitutional or legislative waiver of sovereign immunity in tort cases, as Louisiana does. I therefore concur in the majority’s opinion overruling this court’s decision in Kuebel v. Dept. of Wildlife and Fisheries, 2008-1018 (La.App. 4th Cir.4/15/09), 14 So.3d 20.