## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-399

**JOEY JAMES**

**VERSUS**

**STATE OF LOUISIANA, DEPARTMENT OF WILDLIFE & FISHERIES**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 20082514
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, J. David Painter, James T. Genovese and Shannon J. Gremillion, Judges.

**REVERSED.**

**Painter, J., dissents and assigns written reasons.**

**Pickett, J., dissents for the reasons assigned by Judge Painter.**

**Henry St. Paul Provosty**
**Lena Giangrosso**
**Provosty & Gankendorff**
**650 Poydras St., Suite 2700**
**New Orleans, LA 70130**
**(504) 410-2795**
**Counsel for Defendant/Appellant:**
**State of Louisiana, Department of Wildlife & Fisheries**

**Jere Jay Bice**
**Bice, Palermo & Veron**
**P. O. Box 2125**
**Lake Charles, LA 70602-2125**
**(337) 310-1600**
**Counsel for Plaintiff/Appellee:**
**Joey James**

**GREMILLION, Judge.**

The State of Louisiana, through the Department of Wildlife & Fisheries (the department), appeals the summary judgment granted in favor of Joey James, declaring that James, an employee of the department, is entitled to pursue his remedies under the Jones Act, 46 USC § 30104, against the department. For the reasons that follow, we reverse.

## FACTS

James alleged in his petition against the department that he was employed as a Senior Wildlife Enforcement Agent off the coast of Cameron Parish in the Gulf of Mexico on May 20, 2007, when he was injured. He alleged a number of deficiencies in the boat and its operation, and its lack of seaworthiness. The department responded with a number of exceptions, all based upon its contention that James's exclusive remedy lay in workers' compensation. *See* La.R.S. 23:1032 et seq. The trial court denied those exceptions.

Thereafter, the department sought summary judgment on this same issue. James responded with a motion for summary judgment of his own, seeking a declaration that his exclusive remedy did not lie in workers' compensation. The trial court denied the department's motion and granted James's. The department then perfected this appeal.

## ANALYSIS

The Jones Act allows a seaman injured in the course of employment to bring a civil suit against his employer. Because the Jones Act was enacted by Congress, a constitutional question is implicated when the employer is a state. The Eleventh Amendment to the United States Constitution limits Congress's ability to subject states to suit. The United States Supreme Court has held that, in the context of the

Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., a state that has not waived sovereign immunity may not be subjected to suit in state court for a violation thereof. *Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240 (1999). Thus, a state that has not waived sovereign immunity or otherwise consented to being sued is arguably not subject to suit under the Jones Act. An *en banc* panel of our colleagues on the fourth circuit have held that the department is subject to Jones Act claims. *Fulmer v. Dept. of Wildlife and Fisheries*, 10-88 (La.App. 4 Cir. 10/6/10), ___ So.3d ___. In *Fulmer*, the fourth circuit specifically overruled its decision in *Kuebel v. Dept. of Wildlife and Fisheries*, 08-1018 (La.App. 4 Cir. 4/15/09), 14 So.3d 20, *writ denied*, 09-1083 (La. 7/4/09), 17 So.3d 964. We respectfully disagree with our colleagues.

Article 12, § 10(A) of the Louisiana Constitution provides, "Neither the state, a state agency, nor a political subdivision shall be immune from suit in contract or for injury to person or property." This provision must be read *in pari materia* with subsection (C), which states that the legislature "may limit or provide for the extent of liability of the state, a state agency, or a political subdivision in all cases, including the circumstances giving rise to liability and the kinds and amounts of recoverable damages." The fourth circuit majority omitted subsection (C) from its analysis entirely, as pointed out by Judge Belsome in his dissent.

An *in pari materia* reading of these two provisions reveals that Louisiana has conditionally waived sovereign immunity; for while the state may be sued in contract or tort, the legislature retains the right to define the circumstances under which it is liable and limit the amount of its liability. The pertinent question that follows is whether the legislature has limited the department's liability to a seaman it employed.

In order to determine whether state workers' compensation law allows James

2

to pursue a claim under the Jones Act, we must first examine the exclusivity provisions of our workers' compensation law. There are two relevant statutes.

One is Louisiana Revised Statute 23:1034 which we cited above. This is a specific exclusivity provision directed at state employees.

The other is Louisiana Revised Statute 23:1032 which also governs exclusivity and provides:

> § 1032. Exclusiveness of rights and remedies; employer's liability to prosecution under other laws
>
> A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, *shall be exclusive* of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, *unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee,* his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease. (Empahsis added).

This is the general exclusivity statute for all employees in the state and includes an exception for statutorily created rights such as Jones Act cases.

The question for the court then is which of these statutes applies to James? The answer is obvious: James is a state employee. Therefore, La.R.S. 23:1034 applies.

This is a critical determination because there is a notable difference in the two statutes. La.R.S. 23:1034 does not contain the "*unless. . .*" provision contained in La.R.S. 23:1032. This is the language which creates the exception for Jones Act claims. Therefore, state employees are not entitled to make claims under the Jones act or any other statutorily created remedy. La.R.S. 23:1034. Workers' compensation is the exclusive remedy for state employees without exception. *Id.*

3

The right to pursue a Jones Act claim by an injured employee is reserved by La.R.S. 23:1035.2, which provides:

> No compensation shall be payable in respect to the disability or death of any employee covered by the Federal Employer's Liability Act, the Longshoremen's and Harbor Worker's Compensation Act, or any of its extensions, or the Jones Act.

Our fourth circuit colleagues analyzed this provision and § 1034 and determined that they were in conflict. The fourth circuit arrived at the conclusion that a seaman's remedies against the department were not limited by the exclusivity provision of § 1034. Our analysis demands a contrary conclusion.

We must conclude that James is not entitled to pursue his claim under the Jones Act. The legislature enacted La.R.S. 23:1035.2 to make clear that employees entitled to make federal claims are not entitled to make claims under workers' compensation. This makes perfect sense in light of the exception created in La.R.S. 23:1032. It also makes it clear that there is no actual conflict between La.R.S. 23:1034 and La.R.S. 23:1035.2. Louisiana Revised Statute 23:1035.2 is simply inapplicable to state employees because La.R.S. 23:1034 bars them from making federal claims.

## CONCLUSION

The State of Louisiana has, through the legislature, chosen to limit its liability to employees injured on the job to the benefits afforded by the Workers' Compensation Act. This exclusivity of remedy admits of no exception. The judgment of the trial court granting summary judgment in favor of appellee, Joey James, is reversed. All costs of this appeal are taxed to appellee, Joey James.

**REVERSED.**

JOEY JAMES

VERSUS

STATE OF LOUISIANA,
DEPARTMENT OF WILDLIFE
& FISHERIES

**PAINTER, J., dissenting.**

I respectfully dissent from the majority's decision to reverse the trial court's grant of summary judgment in favor of Joey James, a Senior Wildlife Enforcement Agent for the Louisiana Department of Wildlife & Fisheries, finding that James was entitled to pursue his remedies under the Jones Act, 46 USC § 30104.

The issue is whether, under Louisiana workers' compensation laws, James is allowed to pursue a claim under the Jones Act. The majority answers this inquiry in the negative and disagrees with an *en banc* panel of our fourth circuit brethren in *Fulmer v. Dept. of Wildlife and Fisheries*, 10-88 (La.App. 4 Cir. 10/6/10), ___ So.3d ___. I am, however, of the opinion that the reasoning of *Fulmer* is sound and applicable to this case.

Louisiana Revised Statutes 23:1035.2 provides that: "No compensation shall be payable in respect to the disability or death of *any* employee covered by the Federal Employer's Liability Act, the Longshoremen's and Harbor Worker's Compensation Act, or any of its extensions, or the Jones Act." (Emphasis added.) This statute specifically uses the words "any employee." Thus, I agree with the *Fulmer* court's pronouncement that:

Pursuant to this provision, it appears that our Legislature

recognizes that employees may also be covered by federal laws providing remedies, and that in such cases workers' compensation benefits are not payable. In the unpublished decision rendered in Cosey, this court concluded that this language demonstrated that the remedies provided by the Louisiana Workers' Compensation Act and by the Jones Act were mutually exclusive remedies; thus, it was not the intent of the law to deprive the employee of his right to seek his federal remedy in state court.

*Id.* at ___.

Thus, I would affirm the trial court's grant of summary judgment in favor of James.