PAINTER, J.,
dissenting.
hi respectfully dissent from the majority’s decision to reverse the trial court’s grant of summary judgment in favor of Joey James, a Senior Wildlife Enforcement Agent for the Louisiana Department of Wildlife & Fisheries, finding that James was entitled to pursue his remedies under the Jones Act, 46 U.S.C. § 80104.
The issue is whether, under Louisiana workers’ compensation laws, James is allowed to pursue a claim under the Jones Act. The majority answers this inquiry in the negative and disagrees with an en banc panel of our fourth circuit brethren in Fulmer v. Dept. of Wildlife and Fisheries, *782 10-88 (La.App. 4 Cir. 10/6/10), 50 So.3d 843. I am, however, of the opinion that the reasoning of Fulmer is sound and applicable to this case.
Louisiana Revised Statutes 23:1035.2 provides that: “No compensation shall be payable in respect to the disability or death of any employee covered by the Federal Employer’s Liability Act, the Longshoremen’s and Harbor Worker’s Compensation Act, or any of its extensions, or the Jones Act.” (Emphasis added.) This statute specifically uses the words “any employee.” Thus, I agree with the Fulmer court’s pronouncement that:
Pursuant to this provision, it appears that our Legislature ^recognizes that employees may also be covered by federal laws providing remedies, and that in such cases workers’ compensation benefits are not payable. In the unpublished decision rendered in Cosey, this court concluded that this language demonstrated that the remedies provided by the Louisiana Workers’ Compensation Act and by the Jones Act were mutually exclusive remedies; thus, it was not the intent of the law to deprive the employee of his right to seek his federal remedy in state court.
Id. at 848, 2010 WL 3911318, *7.
Thus, I would affirm the trial court’s grant of summary judgment in favor of James.