KIMBALL, Chief Justice.
 

 11 This case involves a seaman who was injured in the course and scope of his employment with the State of Louisiana. We granted certiorari in this case to determine whether an injured, state-employed seaman in Louisiana can sue the state under the Jones Act (46 U.S.C. § 30104
 
 et seq.)
 
 in state court or whether his claim for damages is governed exclusively by the provisions of the Louisiana Workers’ Compensation Act (“LWCA”) (La. R.S. 23:1032
 
 et seq.).
 
 For the reasons that follow, we find Louisiana has waived its sovereign immunity from suit for injury to persons and the legislature has not limited that waiver concerning suits by state employees under the Jones Act. Thus, the ruling of the court of appeal is affirmed.
 

 FACTS AND PROCEDURAL HISTORY
 

 Desi Fulmer was an employee of the State of Louisiana, Department of Wildlife and Fisheries, and was assigned to the crew of a state-owned vessel in navigation. On June 2, 2001, as the vessel was patrolling an area of Plaquemines Parish, it went down a trough, which caused Mr. Fulmer to be thrown into the air and upon landing, Mr. Fulmer allegedly suffered several herniated discs and other serious injuries to his spine. At the time of the incident, the vessel was being operated by his co-employee, Gary Pierce, who allegedly was operating the craft at a high rate of speed.
 

 |2On May 6, 2004, Mr. Fulmer filed suit against the State of Louisiana and Gary Pierce seeking relief for his injuries under the Jones Act and general maritime law. The State, while admitting it was the employer of the plaintiff and Gary Pierce, asserted numerous affirmative defenses and denied many of the allegations set forth in the petition. The State then filed a declinatory exception of lack of subject matter jurisdiction and a peremptory exception of no cause of action, asserting that the LWCA, La. R.S. 23:1021
 
 et seq.,
 
 provided the plaintiffs exclusive remedy. The State sought dismissal of all of the plaintiffs claims under the Jones Act and general maritime law. After a hearing on January 10, 2008, the trial court denied the State’s exceptions, relying on the Fourth Circuit decision of
 
 Higgins v. State of Louisiana,
 
 627 So.2d 217 (La.App. 4 Cir.1993), which found the State was not immune from suits under the Jones Act and an injured state-employed seaman could bring a Jones Act claim against the State in state court.
 

 In May of 2009, the State re-urged its exception of no cause of action relying on the then recently decided Fourth Circuit case of
 
 Kuebel v. Dept. of Wildlife & Fisheries,
 
 08-1018 (La.App. 4 Cir. 4/15/09), 14 So.3d 20, which held that seamen employed by the State could not sue their employer under the Jones Act or general maritime law in state court because Louisiana has not expressly consented to such suits nor has it waived its sovereign immunity as to such suits. Following
 
 Kuebel,
 
 the trial court sustained the exception of no cause of action and dismissed the plaintiffs suit against the State concluding the plaintiffs exclusive remedy lay in workers’ compensation. Plaintiff then filed an appeal to the trial court’s ruling.
 

 A divided panel of the Fourth Circuit Court of Appeal overruled its decision in
 
 *502
 

 Kuebel
 
 and reversed the trial court’s ruling.
 
 Fulmer v. State of Louisiana, Department of Wildlife and Fisheries,
 
 10-0088 (La.App. 4 Cir. 10/6/10), 50 So.3d 843. The court reviewed the issue on the peremptory exception
 
 de novo. Bibbins v. City of New Orleans,
 
 02-1510, p. 3 (La.App. 4 Cir. 5/21/03), 848 So.2d 686, 690. The court examined its previous decision in
 
 Higgins,
 
 recognizing that the instant case and
 
 Higgins
 
 were factually indistinguishable.
 
 Higgins
 
 involved a state-employed seaman who sued the state for negligence under the Jones Act and general maritime law alleging that the vessel was unseaworthy. In
 
 Higgins,
 
 the State, as in the instant case, filed an exception of no cause of action and a motion for summary judgment. The trial court in
 
 Higgins
 
 sustained the exception of the State and dismissed the claims of the state-employed plaintiff. The Fourth Circuit reversed, finding that an injured, state-employed seaman was entitled to sue the state under the Jones Act. The
 
 Higgins
 
 court followed the U.S. Supreme Court in
 
 Petty v. Tennessee-Missouri Bridge Commission,
 
 which stated “the Jones Act has no exceptions from the broad sweep of the statement
 
 ‘any seaman
 
 who shall suffer personal injury in the course of his employment may’ etc,” finding no exceptions for state and bi-state employers in the express terms of the Jones Act.
 
 Petty v. Tennessee-Missouri Bridge Commission,
 
 359 U.S. 275, 282, 79 S.Ct. 785, 790, 3 L.Ed.2d 804 (1959) (emphasis added).
 
 [1]
 
 The
 
 Higgins
 
 majority also recognized that La. R.S. 23:1035.2
 
 [2]
 
 excludes from workers’ compensation employees who have federal claims under the Jones Act.
 
 Higgins,
 
 627 So.2d 217, 219.
 

 14 The court of appeal then turned its attention to its previous decision in
 
 Kuebel,
 
 which relied on the decision of the U.S. Supreme Court in
 
 Alden v. Maine,
 
 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999).
 
 Alden
 
 held that a state’s sovereign immunity operates to prevent individuals from suing the state for federal remedies in state court absent that state’s consent stating, “the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject non-consenting states to private suits for damages in state courts.” Id. at 712, 119 S.Ct. at 2246. The
 
 Kuebel
 
 majority found that Louisiana had not consented to suits against the state under the Jones Act, thus a state-employed seaman’s exclusive remedy would be the LWCA.
 
 Kuebel,
 
 14 So.3d at 30. In the instant case, the Fourth Circuit disagreed and recognized that the State of Louisiana has waived its sovereign immunity via Article XII, Section 10(A) of the Louisiana Constitution, which states, in pertinent part, “Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.” The court further held that through La. R.S. 23:1035.2, the Louisiana Legislature has recognized that employees may be covered by federal laws providing remedies, and in such cases, workers’ eom-
 
 *503
 
 pensation benefits are not payable. The majority did note that the state could limit its exposure to suits under the Jones Act; however, it found Louisiana simply has not done so.
 
 Fulmer,
 
 50 So.3d at 848, n. 2. The State subsequently applied for a writ of certiorari in this Court, which was granted on February 18, 2011.
 

 DISCUSSION
 

 The State asserts the Fourth Circuit erred in deciding the plaintiff has a cause of action against Louisiana under the Jones Act. The State contends that
 
 Higgins,
 
 on which the court of appeal relied, is no longer good law, because the U.S. Supreme 15Court, in the
 
 Alden
 
 trilogy,
 
 [3]
 
 determined that Article I enactments, such as the Jones Act, cannot waive sovereign immunity on behalf of the states and subject them to private suits for monetary damages absent their consent. In the last case of the
 
 Alden
 
 trilogy,
 
 Alden v. Maine,
 
 a group of probation officers in Maine sued their employer for violations of the overtime provisions of the Fair Labor Standards Act. The Court held that “the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject non-consenting States to private suits for damages in state courts.”
 
 Alden,
 
 527 U.S. at 712, 119 S.Ct. 2240. In
 
 Alden,
 
 the U.S. Supreme Court recognized,
 

 The State of Maine “regards the immunity from suit as ‘one of the highest attributes inherent in the nature of sovereignty,’ ”
 
 Cushing v. Cohen,
 
 420 A.2d 919, 923 (Me.1980) (quoting
 
 Drake v. Smith,
 
 390 A.2d 541, 543 (Me.1978)), and adheres to the general rule that “a specific authority conferred by an enactment of the legislature is requisite if the sovereign is to be taken as having shed the protective mantle of immunity,” 420 A.2d, at 923.
 

 527 U.S. at 757-58, 119 S.Ct. at 2268. The Court found that Maine had not consented to suit, and was thus immune from suit through its sovereign status as a State. Therefore, we must determine if Louisiana has consented to suit or otherwise waived its sovereign immunity as to suits such as the one presented in this case.
 

 The Louisiana Constitution provides, in Article XII Section 10, “Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.” This Court has recognized this section as an “unequivocal, self-executing waiver of sovereign immunity as to suit and liability in contract and tort cases.”
 
 Jacobs v. City of Bunkie,
 
 98-2510 (La.5/18/99), 737 So.2d 14, 22. In 1995, Article XII Section 10(C) of the Louisiana | fiConstitution was amended to read, in pertinent part:
 

 Notwithstanding Paragraph (A) or (B) or any other provision of this constitution, the legislature by law may limit or provide for the extent of liability of the state, a state agency, or a political subdivision in all cases, including the circumstances giving rise to liability and the kinds and amounts of recoverable damages.
 

 The State contends that after the amendment to Section 10(C), the self-executing waiver of sovereign immunity found in Section 10(A) is now a limited waiver subject to the limitations set forth in Section 10(C). The State further argues that the LWCA, particularly La. R.S. 23:1034,
 
 *504
 
 contains a valid limitation of the State’s self-executing waiver of sovereign immunity set forth by the legislature pursuant to Section 10(C) of the Louisiana Constitution. La. R.S. 23:1034(A) states:
 

 The provisions of this Chapter shall apply to every person in the service of the state or a political subdivision thereof, or of any incorporated public board or commission authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the state or a political subdivision thereof or of any such incorporated public board or commission; and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory; provided that one employed by a contractor who has contracted with the state or other political subdivision, or incorporated public board or commission through its proper representative, shall not be considered an employee of the state, or other political subdivision, or incorporated public board or commission; further, provided that members of the police department, or municipal employees performing police services for any municipality who are not elected officials shall be covered by this Chapter and shall be eligible for compensation; and provided further that criminal deputy sheriffs for the parish of Orleans shall be covered by this Chapter and shall be eligible for compensation as provided herein.
 

 The State highlights the language, “for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in |7this Chapter shall be
 
 exclusive, compulsory, and obligatory
 
 ” (emphasis added). The State contends that this provision, when read in conjunction with Article XII Section 10(C), validly limits the State’s liability, including the circumstances giving rise to that liability and the kinds and amounts of recoverable damages as permitted by Section 10(C) itself.
 

 We disagree. Section 10(C) of the Louisiana Constitution provides that the legislature
 
 “may
 
 limit or provide for the extent of liability of the state.” (emphasis added). This provision grants the legislature the power to enact legislation to limit or set out the conditions of the State’s liability. In contrast, Section 10(A) sets forth a mandatory prohibition against sovereign immunity, which this Court has held is a self-executing presently effective rule without an act of the legislature.
 
 See Chamberlain v. State Through Dept. Of Transp. and Development,
 
 624 So.2d 874 (La.1993);
 
 Jacobs v. City of Bunkie,
 
 98-2510 (La.5/18/99), 737 So.2d 14, 18. This Court has previously examined Article XII Section 10(C), in
 
 Jacobs v. City of Bunkie,
 
 and found that it is not a self-executing provision, stating:
 

 [Constitutional provisions that are not self-executing allocate power to the legislature requiring the legislature to enact supplemental legislation to carry the rule into effect.... Because [Section 10(C) ] does not establish a presently effective limit on the state’s liability but allocates the power to enact one “by law” to the legislature, we find the provision not self executing. As Section 10(C) is non-self-executing, it requires supplemental legislation to carry its edict into effect.
 

 Id.
 
 at 19. Unlike Section 10(A), Section 10(C) merely grants a power to the legislature, which requires supplemental legislation to be effective. Thus, unless after the enactment of Section 10(C) the legislature promulgated a rule limiting the state’s conditions of liability concerning State em
 
 *505
 
 ployees workers’ compensation, Section 10(A)’s unequivocal waiver of sovereign immunity would apply in this case.
 

 | ¡^Initially, the State contends the legislature expressed the intent to limit the State’s liability through La. R.S. 23:1034(A), which provides that for every person in the employ of the state the remedies of the Chapter shall be “exclusive, compulsory, and obligatory.” However, La. R.S. 23:1034(A), which contains this language, was last amended by the legislature in 1981, fourteen years before the constitutional amendment to Section 10(C) and has not been changed. Other sections of La. R.S. 23:1034 were amended in 1999, but no changes were made to subsection (A). Thus, no change made to section 1034 indicates the legislature intended to invoke its power under Article XII Section 10(C) of the Louisiana Constitution.
 

 Furthermore, nothing in the plain language of the LWCA indicates the legislature’s intent to limit the State’s liability to suits under the Jones Act brought by a state employee. In fact, as recognized by the court of appeal in this case, La. R.S. 23:1035.2 specifically excludes from compensation coverage “any employee” who is covered by the Jones Act. La. R.S. 23:1035.2 states, “No compensation shall be payable in respect to the disability or death of
 
 any employee
 
 covered by the Federal Employer’s Liability Act, the Longshoremen’s and Harbor Worker’ Compensation Act or any of its extensions, or the Jones Act.” La. R.S. 23:1035.2 (emphasis added). When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. La. R.S. 23:1035.2 is a clear statement indicating that if “any employee,” not only a private employee, is covered by the Jones Act, the LWCA does not provide compensation.
 

 The State argues that La. R.S. 23:1035.2 should have no application to public employees. The State points again to the “exclusive, compulsory, and obligator/’ | ^language found in La. R.S. 23:1034(A), arguing it provides for no exceptions to the exclusivity of the LWCA for state employees. However, a plain reading of the statute dictates otherwise. La. R.S. 23:1034(A) states, “for such employee and employer the payment and compensation according to and under the terms, conditions, and provisions set out
 
 in this Chapter,
 
 shall be exclusive, compulsory, and obligatory.” Chapter 10 of the Louisiana Revised Statutes is titled “Workers’ Compensation” and contains both La. R.S. 23:1035.2 and 23:1034. A provision of Chapter 10, namely § 1035.2, provides a valid exception to coverage under the LWCA for “any employee” when coverage of a federal statute such as the Jones Act is applicable. The meaning and intent of a law is determined by considering the law in its entirety and all other laws concerning the same subject matter and construing the provision in a manner that is consistent with the express terms of the statute and with the obvious intent of the lawmaker in enacting it.
 
 SWAT 24 Shreveport Bossier, Inc. v. Bond,
 
 2000-1695 (La.6/29/01), 808 So.2d 294. The express terms of this exception are clear for “any employee” and no language in the LWCA persuades us otherwise. When read
 
 in pari materia
 
 with the Louisiana Constitution and the rest of the provisions of the LWCA, we find La. R.S. 23:1035.2 does apply to public employees.
 

 We are also not persuaded by the State’s contention that a 1995 amendment to La. R.S. 23:1032 was meant to distinguish the exclusivity of the LWCA as to public employees. La. R.S. 23:1032 pro
 
 *506
 
 vides the general provisions of workers’ compensation as they apply to employees in the state, while La. R.S. 28:1034 specifically provides the provisions for employees employed in the service of the state. As amended, Section 23:1032(A)(l)(a) provides that the rights and remedies of the LWCA “shall be exclusive of all other rights, remedies, and claims, for damages, including but not limited to punitive or exemplary damages,
 
 unless,
 
 such [frights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee.
 
 [4]
 
 The State highlights the use of the word “unless” in 1032(A)(1)(a), which is absent from 1034(A), arguing that this distinction indicates the legislature’s intent to provide some circumstances in which an exception to the LWCA is appropriate for private employees but not state employees.
 

 Again, we disagree. After reviewing the legislative history of the 1995 amendment to La. R.S. 23:1032, it is clear that the language added to 23:1032(A)(l)(a) was specifically intended to reaffirm the exclusiveness of the rights and remedies of workers’ compensation as to private employees in the aftermath of a case decided by this Court in 1994,
 
 Billiot v. B.P. Oil Co.,
 
 93-1118 (La.12/16/94), 645 So.2d 604. In
 
 Billiot,
 
 this Court determined that the exclusivity provisions of La. R.S. 23:1032 did not apply to the 1984 amendment of La. C.C. art. 2315.3, which provided for exemplary damages for any person injured by a defendant’s wanton or reckless disregard for public safety in the storage, handling, or transportation of hazardous or toxic substances.
 
 Id.
 
 at 606. In reaction to this ruling, the legislature amended La. R.S. 23:1032 to legislatively overrule
 
 Billi-ot,
 
 such that no punitive or exemplary damages would be allowed in cases to which the LWCA applied. The amendment had no relation to La. R.S. 23:1035.2 or its application to State employees. There is no indication the amendment to La. R.S. 23:1032 was meant to be a backdoor exception intended to modify the terms of La. R.S. 23:1034(A) with the use of the word “unless” as the State suggests. Moreover, as previously |n discussed, La. R.S. 23:1034(A) sets out that the terms, provisions, and conditions of “this Chapter” shall be exclusive, and the exception for employees covered by the Jones Act, La. R.S. 23:1035.2, is contained in Chapter 10 with 1034(A).
 

 The Louisiana Third Circuit Court of Appeal has also considered the issue of whether a state-employed seaman can sue the State in state court under the Jones Act. In a case with substantially the same pertinent facts as the case under consideration, the Third Circuit came to a different conclusion from the Fourth Circuit. In
 
 James v. State of Louisiana, Department of Wildlife and Fisheries,
 
 the Third Circuit concluded, similar to the State’s argument in this matter, that because the more general exclusivity statute La. R.S. 23:1032 contains the word “unless,” it provides for an exception to the exclusivity of the LWCA for other statutes such as the Jones Act, while 23:1034(A) does not. The court further reasoned that La. R.S. 23:1035.2 makes sense in light of the exception in 1032 stating:
 

 
 *507
 
 We must conclude that James is not entitled to pursue his claim under the Jones Act. The legislature enacted La. R.S. 23:1035.2 to make clear that employees entitled to make federal claims are not entitled to make claims under workers’ compensation. This makes perfect sense in light of the exception created in La. R.S. 23:1032. It also makes it clear that there is no actual conflict between La. R.S. 23:1034 and La. R.S. 23:1035.2. Louisiana Revised Statute 23:1035.2 is simply inapplicable to state employees because La. R.S. 23:1034 bars them from making federal claims.
 

 James v. State of Louisiana, Department of Wildlife and Fisheries,
 
 10-399 (La.App. 3 Cir. 12/22/10) 54 So.3d 778, 781. However, La. R.S. 23:1035.2 was enacted in 1990, 5 years before the amendment to La. R.S. 23:1032(A)(l)(a), adding the “unless” language, which the state and the Third Circuit allege carved out the exception that 23:1035.2 was meant to create.
 
 [5]
 
 We do not believe this was the intent 112of the legislature. As discussed previously, we have reviewed the legislative history of LA Acts 1995, No. 432 (H.B. 1622), which amended La. R.S. 23:1032, and the clear language of La. R.S. 23:1034 and 23:1035.2, and have found nothing to persuade us that 23:1035.2 excludes public employees.
 

 Simply put, the State of Louisiana has waived its sovereign immunity from suit as to contract suits and suits for personal injury, which this court has found to be an unequivocal, self-executing waiver of its sovereign immunity.
 
 Jacobs,
 
 737 So.2d 14. While the legislature is empowered to limit that waiver and provide for the extent and type of liability the state faces, in this situation we find the legislature has simply not limited the State’s exposure to suit by state-employed seamen under the Jones Act.
 

 CONCLUSION
 

 For the reasons set forth above, we find that claims against the state under the Jones Act brought by state-employed seamen are not prohibited under the LWCA or the Louisiana Constitution. Louisiana has consented through Article XII Section 10 to suits for personal injury, and has not limited that waiver for suits brought by state employees under the Jones Act. We further find the court of appeal was correct in finding that plaintiff has stated a valid cause of action against the State under the Jones Act. The court of appeal did not err in denying the State’s exception of no cause of action. Thus, we affirm the ruling of the court of appeal in this case.
 

 AFFIRMED.
 

 [1]
 

 . As it is currently worded, 46 U.S.C. § 30104 provides:
 

 A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section.
 

 [2]
 

 . La. R.S. 23:1035.2 provides, "No compensation shall be payable in respect to the disability or death of any employee covered by the Federal Employer's Liability Act, the Longshoremen's and Harbor Worker’s Compensation Act, or any of its extensions, or the Jones Act.”
 

 [3]
 

 .
 
 Seminole Tribe of Florida v. Florida,
 
 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996);
 
 College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board,
 
 527 U.S. 666, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999); and
 
 Alden v. Maine,
 
 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999).
 

 [4]
 

 . In 1995, the Louisiana Legislature added the following language to La. R.S. 23:1032(A)(1)(a), "The rights and remedies [...] under this Chapter, shall be exclusive of all other rights, remedies,
 
 and claims for damages, including but not limited to punitive or exemplary damages, whether now existing or created or recognized in the future, unless such rights, remedies, and damages are created by a statute expressly establishing same as available to
 
 such employee ...” LA Acts 1995, No. 432 (H.B. 1622).
 

 [5]
 

 . Again, it is important to note that the 1995 amendment to La. R.S. 23:1032(A)(1)(a) did not simply add the "unless” provision, but added that the compensation under the chapter was exclusive of all rights and remedies "including but not limited to punitive or exemplary damages, unless such, rights, remedies, and damages are created by a statute, whether now existing or created or in the future, expressly same as available to such employees.” The entire provision added in the 1995 amendment was clearly to reaffirm that workers’ compensation was meant to be exclusive of such rights as punitive damages, but any exceptions to the exclusivity which have already been carved out or will be created are still valid.