PER CURIAM.
| ¡¿Frank Dunning Jr., plaintiff herein, filed a petition for damages on October 17, 2005, seeking relief under the Jones Act and general maritime law for injuries he allegedly sustained as a deckhand and/or crew member for the State of Louisiana through the Department of Transportation and Development (State) aboard the M/V St. Francisville on May 6, 2005. Specifically, Dunning alleges he was negligently injured in the course and scope of his employment when a cable snapped causing the closing gate of the ferry to strike him in the head and upper body, requiring medical treatment. In response to the lawsuit filed against it, the State filed a peremptory exception raising the objection of no cause of action asserting that the Louisiana Workers’ Compensation Act (LWCA), La. R.S. 23:1021 et seq., provides plaintiffs exclusive remedy. After a hearing, the trial court denied the State’s objection of no cause of action, finding that plaintiff, a State employee, is also a seaman and entitled under La. R.S. 23:1035.2 to seek recovery under the Jones Act and general maritime law. The State now seeks supervisory review of that ruling.
The State contends Article XII, Section 10 of the Louisiana Constitution, limits *1213 suits against the State. Specifically, the State argues that reading Article XII, Section 10 in para materia, it is clear that while Section (A) is a waiver of sovereign immunity for claims for personal injury, that waiver is a limited waiver, subject to the limitations set forth in Section (C). The State submits the waiver is not boundless, and the legislature, specifically authorized to limit suits against the State, has done so via the LWCA.
Recently, however, the Louisiana Supreme Court in Fulmer v. State, Dept. of Wildlife and Fisheries, 2010-2779 (La.7/1/11), 68 So.3d 499 found that nothing in the plain language of the LWCA indicates the legislature’s intent to limit the State’s liability to suits under the Jones Act brought by a State employee. The court found that La. R.S. 28:1035.2 specifically excludes from compensation coverage “any employee” who is covered by the Jones Act. Fulmer, 2010-2779 at 8, 68 So.3d 499. Louisiana Revised Statute 23:1035.2 states, “No compensation shall be payable in respect to the ^disability or death of any employee covered by the Federal Employer’s Liability Act, the Longshoremen’s and Harbor Worker’s Compensation Act, or any of its extensions, or the Jones Act.”
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9. Louisiana Revised Statute 23:1035.2 is a clear statement indicating that if “any employee,” not only a private employee, is covered by the Jones Act, the LWCA does not provide compensation.
As such, the claims against the State under the Jones Act brought by plaintiff, a State-employed seaman, are not prohibited under the LWCA or the Louisiana Constitution. The trial court did not err in finding that plaintiff stated a valid cause of action against the State under the Jones Act.
WRIT DENIED.