# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                    NEWS RELEASE #051

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **15th day of October, 2014**, are as follows:

**BY KNOLL, J.**:

2014-CC-0585      CYNTHIA HOLLIDAY v. BOARD OF SUPERVISORS OF LSU AGRICULTURAL AND MECHANICAL COLLEGE, ETC. (Parish of Orleans)

For the foregoing reasons, the judgment of the district court is reversed. We hereby grant defendant's Exception of No Cause of Action. This matter is remanded to district court to allow the plaintiff the opportunity to amend her petition to state a valid cause of action if she can.
REVERSED AND REMANDED.

SUPREME COURT OF LOUISIANA

NO. 2014-CC-0585

CYNTHIA HOLLIDAY

VERSUS

BOARD OF SUPERVISORS OF LSU AGRICULTURAL
AND MECHANICAL COLLEGE, ETC.

ON SUPERVISORY WRITS TO THE CIVIL DISTRICT COURT
FOR THE PARISH OF ORLEANS

**KNOLL, JUSTICE**

This case concerns the State's sovereign immunity from suit based on a federal cause of action. A claim for damages was filed against the Board of Supervisors of LSU Agricultural and Mechanical College, Etc. (State) pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* (FMLA). Plaintiff, Cynthia Holliday, alleges she was unlawfully terminated from her employment with the State while on leave in 2009, in violation of the FMLA's "self-care" provision, which entitles an employee to take up to 12 work weeks of unpaid leave per year under certain circumstances, including having a serious health condition which interferes with the employee's ability to perform. 29 U.S.C. § 2612(a)(1). The FMLA creates a private right of action to seek money damages "against any employer (including a public agency) in any Federal or State court of competent jurisdiction." *Id.* at § 2617(a)(2).

On May 5, 2010, Holliday filed her "Petition for Damages for Violations of the Family Medical Leave Act" in district court. The State filed an Exception of No Cause of Action on the basis of sovereign immunity, which the district court denied. The Fourth Circuit denied Supervisory Writs. For the reasons articulated

below, we find the trial court erred as matter of law in denying the State's Exception of No Cause of Action.

As noted by the United States Supreme Court in *Coleman v. Court of Appeals of Maryland*, 132 S.Ct. 1327, 1333, 182 L.Ed.2d 296 (2012), "A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense. See *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 72–73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000); *Alden v. Maine,* 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999)." The only exception to the rule of the States' sovereign immunity comes with a valid exercise of congressional power under § 5 of the Fourteenth Amendment. *Id.* Such an exercise of congressional power requires identification of a pattern of constitutional violations by the States and creation of a congruent and proportional remedy to address those violations. *Id.* at 1334. In *Coleman,* a plurality of the Supreme Court found the self-care provision at issue in the present case, 26 U.S.C. § 2612(a)(1)(D), was not well-tailored to address a pattern of constitutional violations and, therefore, was an invalid abrogation of the States' sovereign immunity.[1] *Id.* at 1338.

Plaintiff argues, however, that Louisiana has elected to waive its sovereign immunity by virtue of Article 12 § 10(A) of its Constitution, which states:

> No immunity in contract or tort. Neither the state, nor a state agency, nor a political subdivision shall be immune from suit and liability in **contract** or for injury to person or property. [Emphasis added].

Holliday asserts the employment relationship required for claims under the FMLA is essentially a contract, and, therefore, the State's sovereign immunity is waived in this case. However, La. Const. art. 12 § 10(A) does not waive or cede

---

[1] Justice Scalia, concurring in the plurality's judgment, would further limit Congress's power under § 5 "to the regulation of conduct that *itself* violates the Fourteenth Amendment." *Coleman* at 1338.

Louisiana's sovereign immunity in the federal system to unlimited Congressional power over State contracts. Nor does this constitutional provision evidence a waiver of sovereign immunity for the purposes of the FMLA's self-care provision as contemplated by *Coleman*. Justice Kennedy, in his opinion announcing the judgment of the Court in *Coleman*, stated, "If the State agrees with petitioner that damages liability for violations of the self-care provision is necessary to combat discrimination against women, the State may waive its immunity or create a parallel state law cause of action." *Coleman* at 1337-8. Notably, the state at issue in the *Coleman* case, Maryland, already had provisions in place similar to Louisiana's waiving immunity from suit in contract and tort. Md. Code Ann., State Gov't § 12-104, 201.

The Court in *Coleman* forcefully reiterated the States' sovereignty in the federal system with respect to the limitations on Congress's authority to control the operations of the States. Indeed, if this suit had been brought in federal court, it would have been dismissed with prejudice. See *Paulin v. Dept. of Health and Hospitals*, CIV.A. 13-5447, 2013 WL 6405021 at 2 (E.D. La. Dec. 9, 2014) (dismissing FMLA self-care claim for monetary relief in light of *Coleman*), *Colvin v. Bd. of Sup'rs of Univ. of Louisiana*, 12-1829, 2014 WL 108919 at 2 (W.D. La. Jan. 9, 2014) (granting Motion for Summary Judgment dismissing FMLA claims in light of *Coleman*).

While Louisiana may have waived sovereign immunity with respect to some claims, La. Const. art. 1 § 26 makes it clear the State has not waived its sovereignty within the federal system. To the contrary:

> The people of this state have the sole and exclusive right of governing themselves as a free and sovereign state; and do, and forever hereafter shall, exercise and enjoy every power, jurisdiction, and right, pertaining thereto, which is not, or may not hereafter be, by them

expressly delegated to the United States of America in congress assembled.

We find the trial court erred as a matter of law in determining the State had elected to waive its sovereign immunity for purposes of the FMLA by virtue of La. Const. art. 12 § 10(A). The judgment of the trial court is reversed. In accordance with La. C.C.P. art. 934, plaintiff will be given an opportunity to amend her petition to state a valid cause of action if she can.

## DECREE

For the foregoing reasons, the judgment of the district court is reversed. We hereby grant defendant's Exception of No Cause of Action. This matter is remanded to district court to allow the plaintiff the opportunity to amend her petition to state a valid cause of action if she can.

**REVERSED AND REMANDED.**