BLEICH, J. Ad Hoc.
[¡In this action alleging, inter alia, damages under the Family Medical Leave Act (“FMLA”), the plaintiff, Cynthia Nugent, appeals the trial court’s granting of the defendant’s, the State of Louisiana Through the Department of Education, Special School District, Swanson Center for Youth (“the state or SSD”), motion for summary judgment on the issue of sovereign immunity and dismissing her claim against the state with prejudice.[1] We affirm.
FACTS
Cynthia Nugent was hired by the Louisiana Department of Education in 2009 as a special education teacher at the Swanson Center for Youth, which is part of the SSD. Ms. Nugent requested leave for 7 days in May 2010, but, since she had not accrued annual leave, but her réquest was denied. Ms. Nugent then presented a doctor’s excuse and was granted provisional FMLA leave for 19 days. Ms. Nugent returned to work with doctor’s approval on May 26, 2010. She filed an EEOC claim alleging retaliation for exercising her right to FMLA leave and was subsequently terminated on July 2,2010.
On December 30, 2010, Ms. Nugent filed the instant suit seeking damages for race, sex, disability and age discrimination, libel and for violations of the FMLA. Ms. Nu-gent claimed, inter alia, that she was told she would have to resign due.to. her violation of the SSD’s FMLA policy. On November 19, 2014, SSD filed a motion for summary judgment | ^claiming that the state of Louisiana had not waived, its sovereign immunity. A hearing was held on May 4, 2015, and, following brief argument, the trial- judge made the following ruling:. ■
I’ve reached' a decision on this. I’m reluctant but it is something I’m interested to see what the appellate court *535 says about it. I’m reluctant to conclude that by — by—by virtue of this policy the state is waiving, its sovereign immunity. So therefore, I can grant your motion for summary judgment on the issue of whether or not the state has waived its sovereign immunity .. .■. the law of the case is I’m unable to conclude that the state has waived its sovereign immunity with regard to FMLA; the' self-care portion of it.
Ms. Nugent now appeals.
DISCUSSION
The only issue before the court is whether the state waived its sovereign immunity. SSD maintains that there has been no waiver. Ms. Nugent argues that there has been both an express waiver and waiver by conduct. She points out that the Louisiana Department of Education promulgated the FMLA policy, binding itself to federal laws and regulations for interpretation, application and enforcement. She claims that, under the self-care provision, the state may waive its sovereign immunity. Ms. Nugent further claims that the SSD, or the Department of Education, may waive its sovereign immunity without the state as ■ a whole making such a waiver.
In Coleman v. Court of Appeals of Maryland, — U.S. —, 132 S.Ct. 1327, 182 L.Ed.2d 296 (2012), the United States Supreme Court expressed that, “A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, unless they elect to waive that defense,” J^The Louisiana Supreme Court dealt with sovereign immunity in the context of an FMLA claim in Holliday v. Board of Supervisors of LSU Agricultural and Mechanical College, 2014-0585 (La.10/15/14), 149 So.3d 227. Holliday, a state employee, filed suit in state court for damages after she was terminated from her employment'while -on FMLA leave, in violation of the self-care provision. The state filed an exception of no cause of action asserting Louisiana’s sovereign immunity, which was denied, and the fourth circuit denied supervisory writs. The, Louisiana Supreme Court reversed and sustained the exception, holding that Louisiana had not elected to waive its sovereign immunity as to the FMLA in the self-care provision of the statute. Hol-liday argued that the state had waived its sovereign immunity by virtue of La. Const. Art. 12, Sec. 10(A).[2] The Supreme Court rejected this argument and, .citing La. Const. Art. 1, Sec. 26 [3] and relying on Coleman, supra, specifically held that Louisiana had not elected to waive its sovereign immunity as to the federal system, including the FMLA. Holliday, supra.
We are constrained to follow the holding of Holliday and conclude that there has been no waiver of sovereign immunity in this case. Ms. | ¿Nugent attempts to distinguish Holliday, supra, on the grounds that Holliday was suing for a violation of the FMLA, whereas her claim is not for SSD refusing to grant her leave under the FMLA, but for SSD’s- alleged illegal application of its FMLii policy and its retaliation against her for utilizing the policy. *536 We are not persuaded by this attempted distinction. Both plaintiffs were terminated from state employment and filed suit based on the employer’s FMLA policy, and/or application thereof. There has been no express waiver of sovereign immunity, nor do we find that adoption of the federal FMLA amounts to a waiver of such immunity. Accordingly, we find no error in the trial court’s granting of the state’s motion for summary judgment.
CONCLUSION
For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of the State of Louisiana Through the Department of Education, Special School District, Swanson Center for Youth, and dismissing plaintiffs claims against it with prejudice is- affirmed at the plaintiffs cost.
AFFIRMED.
APPLICATION FOR REHEARING
Before WILLIAMS, GARRETT, and BLEICH (Ad Hoc), JJ.
Rehearing denied.

. The judgment appealed did not decide the matter as to individual defendant Theresa McNease; thus, the only appellee is the SSD, An amended judgment- certified the partial final judgment for immediate appeal. In addition, other claims asserted by Ms. Nugent in both her original petition and amended petition have been abandoned. The only claim at issue in this appeal is the breach of the FMLA policy claim.

. Art. 12, Sec. 10(A) provides;
No immunity in contract or tort, Neither the state, nor a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.

. Art. 1, Sec. 26 provides;
The people of this state have the sole and exclusive right of governing themselves as a free and sovereign state; and do, and forever hereafter shall, exercise and enjoy every power, jurisdiction, and right pertaining thereto, which is not, or may not hereafter be, by them expressly delegated to" the United States of America in congress assembled.