GARRETT, J.
hThe plaintiff, Eashell Reed-Salsberry, filed a lawsuit in state district court alleging, inter alia, violations of the federal Americans with Disabilities Act (“ADA”) and seeking monetary damages. Her former employer, the State of Louisiana, through the Department of Public Safety and Corrections, Youth Services, Office of Juvenile Justice (“State”), responded with an exception of lack of subject matter jurisdiction, which asserted sovereign immunity against such a claim. The trial court denied the exception. The State filed a writ application in this court, which granted it to docket. For the reasons assigned below, we grant the writ, make it peremptory, and reverse the trial court’s denial of the exception of lack of subject matter jurisdiction as to the plaintiffs claims arising under the ADA. The matter is remanded for further proceedings.
FACTS
The plaintiff was a teacher at the Monroe Campus of Swanson Center for Youth—Southside Alternative High School. She claimed harassment by the principal due to a disability which limited *228 her mobility. She filed an Equal Employment Opportunity Commission (“EEOC”) charge in July 2011, and received a right to sue letter from the EEOC, in June 2014.[1] Thereafter, in September 2014, the instant suit seeking monetary damages was filed, alleging violations of Title VII of the 1964 Civil Rights Act, the | ?ADA, and the Louisiana Employment Discrimination Law (“LEDL”), La. R.S. 23:301, et seq.
In October 2014, the State filed peremptory exceptions of no cause of action as to the plaintiffs claim for exemplary and punitive damages and the plaintiffs failure to attach the right to sue letter to her petition, as well as a dilatory exception of vagueness or ambiguity pertaining to damages. On May 12, 2015, a judgment on the exceptions was signed which granted the exception of no cause of action on the damages issue. Due to the plaintiffs amended petition, it deemed as moot the other exceptions.
On May 20, 2015, the State filed its exception of lack of subject matter jurisdiction, which is the basis of the instant appeal. The plaintiff filed an opposition to the exception. The matter was heard on March 30, 2016. At the conclusion of lengthy oral arguments, the trial court denied the exception. The exact basis for the ruling is unclear from the record.[2] Judgment denying the exception and finding that the court had subject matter jurisdiction over the ADA claim was signed on April 5, 2016.[3]
The State filed a writ application seeking supervisory review of the trial court’s denial of its exception, which was granted to docket by this court.
I «LAW
U.S. Const. Amend. XI confirms sovereign immunity, stating:
The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.
A foundational premise of the federal system is that states, as sovereigns, are immune from suits for damages, save as they elect to waive that defense. As an exception to this principle, Congress may abrogate the states’ immunity from *229 suit pursuant to its powers under § 5 of the Fourteenth Amendment. Coleman v. Court of Appeals of Maryland, 566 U.S. 30, 132 S.Ct. 1327, 182 L.Ed.2d 296 (2012). In the case before us, it is the plaintiffs contention that the state has waived its rights to claim sovereign immunity.[4]
*228 I—I need to articulate this correctly. What I—what I impli—I’m buying your argument that the State in essence has waived its— any sovereign immunity it has in connection with this claim or this type of claim. A statement that I just over—well you—you’ve got the record.
*229 La. Const. Art. 12 § 10(A) provides:
No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
However, La. Const. Art. 12 § 10(A) does not waive or cede Louisiana’s sovereign immunity in the federal system to unlimited Congressional power over state contracts. Holliday v. Board of Sup’rs of LSU Agr. & Mech. Coll., 2014-0585 (La. 10/15/14), 149 So.3d 227.
Furthermore, La. Const. Art. 1 § 26 states:
The people of this state have the sole and exclusive right of governing themselves as a free and sovereign state; and do, and forever hereafter shall, exercise and enjoy every power, jurisdiction, and right, pertaining thereto, which is not, or may not hereafter be, by them expressly delegated to the United States of America in congress assembled.
|4Two recent cases—one from the Louisiana Supreme Court and one from this court—have addressed the issues that are before us. In the Holliday case, the plaintiff filed a petition in state district court seeking damages for violations of the Family and Medical Leave Act (“FMLA”). She alleged that her former employer, the Board of Supervisors of LSU Agricultural and Mechanical College, Etc, (“State”), unlawfully terminated her employment while she was on leave, in violation of the FMLA’s “self-care” provision, which entitled her to a certain period of unpaid leave under certain circumstances. The State responded with an exception of no cause of action on the basis of sovereign immunity. The trial court denied the exception, and the appellate court denied supervisory writs. The Louisiana Supreme Court reversed, finding that the trial court erred as a matter of law in denying the exception. In so ruling, the Louisiana Supreme Court rejected the plaintiffs argument that, since the FMLA claims essentially arose from an employment contract, the State had waived its sovereign immunity in this case by the terms of La. Const. Art. 12 § 10(A).
In Nugent v. McNease, 50,529 (La.App. 2 Cir. 5/18/16), 195 So.3d 533, writ denied, 2016-1385 (La. 11/7/16), 229 So.3d 99, 2016 WL 6778878, a special education teacher at Swanson Center for Youth filed suit alleging, among other things, violations of the FMLA. The defendant, the State of Louisiana through the Department of Education, Special School District, Swanson Center for Youth, filed a motion for summary judgment in which it claimed that the State had not waived its sovereign immunity. The plaintiff asserted both an express waiver and a waiver by conduct. She pointed to the actions of the Louisiana Department of Education in | ^promulgating the FMLA policy, binding itself to federal laws and regulations for interpretation, application and enforcement. The trial court granted the State’s motion for summary judgment, finding that it was unable to conclude that that state had waived its sovereign immunity. On appeal, this court *230 affirmed, finding that it was bound to follow the holding of Holliday, supra. It held that there had been no express waiver of sovereign immunity. Furthermore, the State’s adoption of the federal FMLA did not amount to a waiver of such immunity.
DISCUSSION
The plaintiff in the instant suit essentially makes the same arguments as those presented in the Holliday case and the factually similar Nugent case.[5] The primary difference is that the federal legislation involved in Holliday and Nugent was the FMLA while the instant case deals with the ADA. The plaintiff contends that, by virtue of La. Const. Art. 12 § 10(A), the State has waived its sovereign immunity because the instant matter arises from her employment contract. She also claims that there was a specific waiver by the department head, as well as an implied waiver through the actions of the State’s agents. In particular, she asserts that the department head adopted the ADA in its personnel policies.[6]
In All of these same basic arguments were rejected in the Holliday and Nugent cases.[7] The plaintiff here has failed to persuasively distinguish the holdings in those cases from the instant case. Consequently, we find that the trial court erred in finding that the State waived its sovereign immunity for purposes of the plaintiffs ADA claims. Accordingly, we reverse the trial court’s denial of the State’s exception of no subject matter jurisdiction. The exception is hereby granted as to the plaintiff’s ADA claims.
CONCLUSION
The writ application is granted and made peremptory. The ruling denying the exception of lack of subject matter jurisdiction is reversed as to the plaintiffs claims arising under the ADA. The matter is remanded for further proceedings.[8]
Costs of this appeal are assessed to the plaintiff/respondent, Eashell Reed-Sals-berry.
WRIT GRANTED AND MADE PEREMPTORY; REVERSED AND REMANDED.

. The dismissal and notice of rights stated that the EEOC was closing the file on the plaintiff's charge because, based upon its investigation, it was unable to conclude that "the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.” The plaintiff was advised that she could file suit based upon the charge within 90 days of receipt of the notice. The accompanying letter stated that the employer provided a "legitimate non-discriminatory reason for the actions taken” against her.

. During the course of these arguments, the trial court vacillated back and forth between the parties’ positions. Near the end of the transcript, it stated:

.On April 21, 2016, the plaintiff filed a second amended petition, in which she added an allegation that she resigned in October 2012, in lieu of a retaliatory demotion and transfer to teach "in the dangerous general population at the Monroe facility.” The petition also added a section entitled "Breach of Contract.” Herein she alleged that there were violations of the Office of Juvenile Justice Policy No. A.2.13, which constituted a breach of contract for which she was entitled to contract damages.

. The instant case involves Title I of the ADA. According to Board of Trustees of the Univ. of Alabama v. Garrett, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), Title I of the ADA did not validly abrogate state sovereign immunity pursuant to § 5 of the Fourteenth Amendment.

.The Nugent case was rendered less than two months after the exception in the instant case was argued; it involved tire same trial judge and the same two attorneys. Additionally, both Nugent and the instant case involve claims by teachers from the same state facility. However, in Nugent, supra, the trial court upheld the State’s assertion of sovereign immunity, whereas it rejected that claim in the instant case. (In the words of one of the attorneys at the conclusion of the exception hearing in the instant case, "I think we’re batting five hundred, one each.”) At the time this court granted the State’s writ application in the instant case, a writ application by the plaintiff was pending before the Louisiana Supreme Court in the Nugent case; it was subsequently denied.

. In support of this argument, she cited La. R.S, 36:405, which gives the deputy secretary for youth services certain powers pertaining to employment. It appears that the trial court rejected that argument during the hearing on the exception,

. While the contract claim was rebuffed in the Holliday case, the arguments of express waiver and implied waiver by conduct were rejected by the court in Nugent, supra.

. The plaintiff still has other pending claims, including those arising under the LEDL. Although there was some discussion at the trial court hearing on the exception and at oral argument before this court as to whether the LEDL claims may be prescribed, no exception of prescription has been filed.