# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2021

Lyle W. Cayce
Clerk

No. 21-30069

Curtis A. Fletcher,

*Plaintiff—Appellant*,

*versus*

Louisiana Department of Transportation and Development,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-593

Before Wiener, Graves, and Ho, *Circuit Judges*.

Jacques L. Wiener, Jr., *Circuit Judge*:

This case asks whether Louisiana has waived its sovereign immunity in the context of the Americans with Disabilities Act of 1990 ("ADA").[1] Plaintiff-Appellant Curtis Fletcher sued his former employer, Defendant-Appellee, Louisiana Department of Transportation and Development ("DOTD"), for disability discrimination in violation of the ADA. The

---

[1] 42 U.S.C. § 12101, *et seq.*

No. 21-30069

Middle District of Louisiana granted DOTD's 12(c) motion for judgment on the pleadings, holding that "Louisiana's immunity as a sovereign remains intact and serves as a bar to recovery of damages and injunctive relief from claims asserted against Louisiana under Title I of the ADA." The district court explained that DOTD, as an arm of the state, benefits from that shield and dismissed Fletcher's claims with prejudice. Fletcher appeals and moves to certify the question to the Louisiana Supreme Court. He contends, in the alternative, that the state has waived its sovereign immunity through its general waiver of immunity for "injury to person or property" in the Louisiana constitution.

We agree with the district court that Louisiana has not waived its sovereign immunity under the ADA. We therefore affirm the judgment of the lower court and deny Fletcher's motion to certify.

## I. Background

Fletcher was an engineer employed by DOTD for nearly twenty-four years before he was terminated. He alleges that he suffers from hypertension and dizziness which at times renders him unable to work or drive. Fletcher requested and was approved for leave under the Family and Medical Leave Act ("FMLA") beginning on May 7, 2014. He consulted doctors during his leave, but his medical problems continued. On August 6, 2014, DOTD's project management administrator emailed Fletcher to inform him that his leave had expired and that his second request for leave was denied. DOTD's project management director then issued a "Pre-Deprivation Notice of Non-Disciplinary Removal," explaining that Fletcher's disability and exhaustion of sick leave required his termination. Despite his attempt to use his accrued sick leave, Fletcher was terminated on October 14, 2014.

Fletcher alleges that "[o]n September 27, 2017, the EEOC found that Plaintiff's charge was timely brought and that all requirements for coverage

No. 21-30069

under the [ADA] were met."[2] He received his notice of right to sue letter on June 4, 2019. Fletcher sued, but his case was dismissed with prejudice by the district court, which held that ADA claims against the state are barred by Louisiana's sovereign immunity. Fletcher appealed.

## II. Standard of Review

"We review a district court's dismissal under Federal Rule of Civil Procedure 12(c), applying the same *de novo* standard as to a Rule 12(b)(6) motion to dismiss."[3]

## III. Louisiana's Sovereign Immunity

Louisiana's sovereign immunity bars Fletcher's Title I ADA claim. "A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense."[4] State sovereign immunity "bars citizens of a state from suing their own state or another state in federal court, unless [1] the state has waived its sovereign immunity or [2] Congress has expressly abrogated it."[5] The Supreme Court has held that Congress did not validly abrogate state sovereign immunity in enacting the ADA.[6] Therefore, Fletcher's only path forward is to show that Louisiana has waived its sovereign immunity.

Fletcher relies on Section 10(A) of Article XII of the Louisiana Constitution to claim that the State has waived its immunity for ADA claims. That section states "Neither the state, a state agency, nor a political

---

[2] (cleaned up).

[3] *Aldridge v. Miss. Dep't of Corr.*, 990 F.3d 868, 873 (5th Cir. 2021).

[4] *Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30, 35 (2012).

[5] *Raj v. La. St. Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citations omitted).

[6] *Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001).

No. 21-30069

subdivision shall be immune from suit and liability in contract or for injury to person or property."[7]

The Louisiana Supreme Court has stated: "When a constitutional provision is plain and unambiguous, and its application does not lead to absurd consequences, its language must be given effect."[8] The Louisiana Supreme Court "has recognized Section 10(A) as an 'unequivocal, self-executing waiver of sovereign immunity as to suit and liability in contract and tort cases.'"[9] However, such a waiver is not without limits. "While Louisiana may have waived sovereign immunity with respect to some claims, La. Const. art. 1 § 26 makes it clear the State has not waived its sovereignty within the federal system."[10]

Fletcher asserts that an ADA claim is a delictual action so it must fall within the State's waiver for injury to person or property. But Louisiana courts have declined invitations to broaden the scope of the tort waiver. The Louisiana Second Circuit Court of Appeals has explicitly held that Louisiana

---

[7] LA. CONST. ANN. art. XII, §10(A).

[8] *Canal/Claiborne, Ltd. v. Stonehedge Dev., LLC*, 2014-0664, p.5 (La. 12/9/14); 156 So. 3d 627, 632.

[9] *Id.* at p. 5; 156 So. 3d at 632 (quoting *Fulmer v. State, Dep't of Wildlife & Fisheries*, 2010-2779 (La. 7/1/11); 68 So. 3d 499, 503).

[10] *Holliday v. Bd. of Supervisors of LSU Agric. & Mech. Coll.*, 2014-0585, p. 3 (La. 10/15/14); 149 So. 3d 227, 229. That provision of the state's constitution states: "The people of this state have the sole and exclusive right of governing themselves as a free and sovereign state; and do, and forever hereafter shall, exercise and enjoy every power, jurisdiction, and right, pertaining thereto, which is not, or may not hereafter be, by them expressly delegated to the United States of America in congress assembled." LA. CONST. ANN. art. I, §26. *See also Reed-Salsberry v. Louisiana*, 51-104, p.3 (La. App. 2 Cir. 2/15/17); 216 So. 3d 226, 229 (This section "does not waive or cede Louisiana's sovereign immunity in the federal system to unlimited Congressional power over state contracts.").

has not waived its sovereign immunity in ADA cases.[11] The Louisiana Supreme Court has not answered the ADA question specifically, but it has ruled that the state has not waived its immunity for FMLA[12] or unjust enrichment claims.[13] The pattern of the court, therefore, is to limit the scope of the waiver to traditional contract and tort suits.

Federal district courts in Louisiana have reached the same result.[14] As one district court explained, an ADA claim is blocked by sovereign immunity because such a "suit is an employment discrimination claim, not a tort or contract claim. Her cause of action comes from the ADA, not her employment contract."[15]

Fletcher cannot sweep ADA claims into this limited category of tort waiver. He contends that because he seeks both compensatory and monetary damages, his case necessarily involves an injury to his person and property.

---

[11] *Reed-Salsberry*, 51-104, p.6; 216 So. 3d at 230. This court may look to Louisiana's appellate courts as persuasive authority. *Wiltz v. Bayer CropScience, Ltd. P'ship*, 645 F.3d 690, 695 (5th Cir. 2011) ("Although we do not disregard the decisions of Louisiana's intermediate courts unless we are convinced the Louisiana Supreme Court would decide otherwise, we are not strictly bound by them.").

[12] *Holliday*, 2014-0585, p. 2-3; 149 So. 3d at 228 ("La. Const. art. 12 § 10(A) does not waive or cede Louisiana's sovereign immunity in the federal system to unlimited Congressional power over state contracts.").

[13] *Canal/Claiborne*, 2014-0664, p.1; 156 So. 3d at 630 (holding unjust enrichment claims do "not fall within the scope of the waiver of sovereign immunity in contract or tort").

[14] *Harris v. La. Off. of Juv. Just.*, No. 18-13356, 2019 WL 2617175, at *4 (E.D. La. June 26, 2019) ("The prevailing view among both federal and state courts is that Louisiana has not waived its immunity for Title I ADA claims."); *Jones v. La. Dep't of Health & Hosps.*, No. 15-6997, 2016 WL 3198614, at *2 (E.D. La. June 9, 2016) ("Therefore, Louisiana's immunity as a sovereign remains intact and serves as a bar to claims asserted under Title I of the ADA.").

[15] *Caesar v. La. Tech Univ.*, No. 19-00915, 2019 WL 6125243, at *3 (W.D. La. Nov. 4, 2019), *adopted*, 2019 WL 6130829.

No. 21-30069

If his logic were to be followed to its end, any claim for damages could turn a case into an injury to person or property. If that were true, there would be no identifiable limit to the § 10(A) waiver, and the Louisiana Supreme Court would surely have held that Louisiana had waived its immunity for FMLA and unjust enrichment claims. Instead, that court chose to limit the waiver to the plain language of Louisiana's constitution. Fletcher has provided no case which concretely shows that Louisiana has waived immunity for ADA claims. The state's shield must therefore serve to bar this claim.

## IV. Certification to the Louisiana Supreme Court

The United States Supreme Court or any federal circuit court of appeals may certify a question to the Louisiana Supreme Court when "there are involved in any proceedings before it questions or propositions of [Louisiana] law … which are determinative of said cause independently of any other questions involved in said case and that there are no clear controlling precedents in the decisions of the supreme court of" Louisiana.[16] The Louisiana Supreme Court, of course, retains the discretion to decline to answer the certified question.[17]

Because we must comply with our duty to interpret the law as a Louisiana appellate court, and as we are confident that this case does not present a genuinely unsettled matter of Louisiana law, certification is not appropriate and Fletcher's motion is denied.

The judgment of the district court is AFFIRMED.

---

[16] La. Sup. Ct. Gen. Admin. R. Pt. A. Rule XII, § 1. *See also* La. R.S. 13:72.1(A) (statute to the same effect).

[17] La. Sup. Ct. Gen. Admin. R. Pt. A. Rule XII, § 1.